IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

L.T.S.,                                         §
                                                §
            Petitioner,                         §
                                                §
VS.                                             §        Civil Action No. 3:26-CV-0525-D
                                                §
MARKWAYNE MULLIN, et al.,                       §
                                                §
            Respondents.                        §

MEMORANDUM OPINION
AND ORDER

The United States Magistrate Judge made findings, conclusions, and a recommendation ("FCR") in this case. Petitioner L.T.S. filed objections. The court has reviewed *de novo* the portion of the FCR to which objections were made, and has reviewed the remainder for plain error. For the reasons that follow, the court denies L.T.S.'s habeas petition without prejudice.[*]

I

The court first considers L.T.S.'s objections related to *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 C.F.R. § 241.13(i)(2). Under *Zadvydas* a non-citizen's detention is presumptively reasonable for 6 months. *See Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence

_____

[*]Markwayne Mullin, the current Secretary of Homeland Security, has been automatically substituted for defendant Kristi Noem under Fed. R. Civ. P. 25(d).

sufficient to rebut that showing." *Id.*; *see also* 8 C.F.R. § 241.13(i)(2) (explaining that release may be revoked if the government determines that, on account of changed circumstances, there is a significant likelihood that the non-citizen may be removed in the reasonably foreseeable future). When determining whether 6 months have elapsed, some courts count a non-citizen's prior detention periods, while others restart the 6-month clock when the non-citizen is re-detained. *Compare Ladak v. Noem*, 814 F.Supp.3d 712, 729 (N.D. Tex. 2025) (Hendrix, J.), *with Abuelhawa v. Noem*, 811 F.Supp.3d 847, 855-56 (S.D. Tex. 2025). And some courts have determined that, when the non-citizen is re-detained upon the revocation of his order of supervision, § 241.13(i)(2) places the initial burden on the government to show that the non-citizen may be removed in the reasonably foreseeable future. *Compare Escalante v. Noem*, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025), *with Abuelhawa*, 811 F.Supp.3d at 859.

Even if the court assumes that the 6-month period has elapsed and that L.T.S. has satisfied any threshold burden that may be required of him, his objections to the FCR fail. The government has satisfied its burden to show that there is a significant likelihood that L.T.S. may be removed in the reasonably foreseeable future. According to the revocation notice, the government determined that L.T.S. could be expeditiously removed from the United States and that Jordan was reviewing his case for the issuance of a travel document. The Jordanian embassy then issued L.T.S. a travel document, the government scheduled a removal flight, and L.T.S. agreed to comply with this removal. L.T.S. did not board the flight, however, due to confusion surrounding his personal belongings. Although the travel

document expired, the government represented that it would request a new travel document for L.T.S. and that the Jordanian government is generally cooperative in assisting with the removal of Jordanian citizens.

II

The court next considers L.T.S.'s objections related to the government's alleged failure to comply with § 241.13(i)(3)'s notice and interview requirements. Section 241.13(i)(3) requires that, "[u]pon revocation, the alien will be notified of the reasons for revocation of his or her release." 8 C.F.R. § 241.13(i)(3). After the non-citizen is returned to custody, the government is required to promptly "conduct an initial informal interview . . . to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." *Id.*

Under the circumstances presented here, L.T.S.'s objections related to § 241.13(i)(3)'s notice and interview requirements are unavailing. First, § 241.13(i)(3) merely requires that notice be provided "[u]pon revocation." *Id.* Here, the government revoked the order of supervision on January 5, 2026. The notice of revocation and proof of service are dated January 5, 2026. Second, § 241.13(i)(3) requires an "initial informal interview promptly after" the non-citizen is re-detained. *Id.* L.T.S. maintains that his initial interview was not provided until "many weeks" after his re-detention. P. Reply (ECF No. 10) 3. The regulations do not prescribe a time limit for what is considered prompt, and the parties do not identify controlling precedent on this issue. Even if the interview was untimely within the meaning of the regulation, it is not evident that this delay in this context amounted to a denial

of a fundamental constitutional right. *See Nguyen v. Noem*, 797 F.Supp.3d 651, 664 (N.D. Tex. 2025) (Hendrix, J.) ("[W]rits of habeas corpus '[are] available to correct the denial of fundamental constitutional rights, but [they] may not be used to correct mere irregularities or errors of law.'" (second and third alterations in original) (quoting *Wooten v. Bomar*, 267 F.2d 900, 901 (6th Cir. 1959) (per curiam)). Nor has L.T.S. adequately explained why habeas relief would be an appropriate remedy for this procedural delay in light of the fact that he was ultimately interviewed and that he has been afforded additional process in this habeas proceeding. *Cf. Nguyen v. Bondi*, 2026 WL 1270532, at *4 (S.D. Tex. Mar. 24, 2026) ("To the extent that [the government] has failed to comply with its obligations under 8 CFR § 241.13(i)(3), the appropriate remedy at this juncture would be further process, not release.").

III

L.T.S. does not object to the FCR's dismissal of his third-country removal claim, and the court finds no plain error in the magistrate judge's dismissal of this claim.

*    *    *

For the reasons explained, the court denies L.T.S.'s habeas petition without prejudice.

**SO ORDERED**.

July 16, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE

-4-